UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LVNV FUNDING, LLC, "TIME-BARRED"
PROOF OF CLAIM FAIR DEBT COLLECTION
PRACTICES ACT (FDCPA) LITIGATION                          MDL No. 2611


ORDER DENYING TRANSFER


**Before the Panel:** Defendants Resurgent Capital Services, L.P. (Resurgent) and LVNV Funding, LLC (LVNV) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Alabama. This litigation currently consists of three actions pending in the Southern District of Alabama, the Middle District of Florida, and the Southern District of Georgia, as listed on Schedule A.[1] Plaintiffs in each of these actions allege defendants filed a proof of claim in plaintiffs' respective Chapter 13 bankruptcy proceedings relating to a consumer debt for which the applicable statute of limitations barred litigation to collect the debt. Plaintiffs allege that the filing of these proofs of claim violates the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, or the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*

Plaintiffs in the action pending in the Southern District of Alabama support centralization in that district. Plaintiffs in the recently-noticed related action pending in the Middle District of Florida support centralization in the Middle District of Florida. Plaintiff in the action listed on the motion and pending in the Middle District of Florida initially opposed centralization, but announced at oral argument that he now also supports centralization in the Middle District of Florida. In contrast, plaintiffs in the action pending in the Southern District of Georgia oppose centralization. Alternatively, should the Panel determine that centralization is warranted, they suggest the Southern District of Georgia as the transferee forum.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some factual questions arising from plaintiffs' allegations that defendants filed one or more proofs of claim in their bankruptcy proceedings to collect a consumer debt when the applicable statute of limitations on the collection of that debt had expired. These common questions, though, are not sufficiently complex or numerous to warrant the creation of an MDL. The primary dispute between the parties appears to concern whether the Bankruptcy Code displaces or "preempts" application of the FDCPA or FCCPA—a predominantly legal question. "Merely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re Medi-Cal Reimbursement Rate Reduction*

---

[1] The Panel has been notified of a related action pending in the Middle District of Florida.

-2-

*Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009). Any inconsistent rulings with respect to this or other legal issues in these actions can be resolved on appeal, as all the actions are pending in districts located within the Eleventh Circuit.

Furthermore, there are only four actions at issue here (including the recently-noticed related action) pending in only three districts, and these actions involve limited overlap among the putative classes.[2] Thus, to the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts are preferable to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). Indeed, the parties have argued that similar litigation against other debt collectors and purchasers of debts are being coordinated within the Middle District of Florida and the Southern District of Georgia. Centralization of this litigation therefore could have the opposite effect than intended by Section 1407—it could complicate the adjudication of the various actions within each district or even result in inconsistent pretrial rulings with respect to proofs of claim filed in the same bankruptcy proceeding.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[2] The complaint in the Middle District of Florida action listed on the motion asserts only an FCCPA claim, whereas the recently-noticed Florida action and the Georgia action listed on the motion allege FDCPA claims and involve putative classes limited to residents or recent residents of those states. Only the action pending in the Southern District of Alabama creates any overlap, as plaintiffs in that action allege a putative nationwide class. Given the limited number of actions and the lack of complex or numerous questions of fact, this limited class overlap, alone, is insufficient to warrant creation of an MDL.

**IN RE: LVNV FUNDING, LLC, "TIME-BARRED"
PROOF OF CLAIM FAIR DEBT COLLECTION
PRACTICES ACT (FDCPA) LITIGATION**                    MDL No. 2611

## SCHEDULE A

<u>Southern District of Alabama</u>

BROCK, ET AL. v. RESURGENT CAPITAL SERVICES, LP, ET AL.,
  C.A. No. 1:14-00324

<u>Middle District of Florida</u>

IDARRAGA v. LVNV FUNDING, LLC, C.A. No. 3:14-01335

<u>Southern District of Georgia</u>

ALIFF, ET AL. v. RESURGENT CAPITAL SERVICES, LP, ET AL.,
  C.A. No. 1:14-00198